IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 15-1 |
| DMITRIJ HARDER | : | |

**O R D E R**

       AND NOW, this \_\_\_\_\_ day of _____, 2015, pursuant to Local Rule of Criminal Procedure 41.1(c), the Court finds the following as to the Government's evidence in the form of Citibank, HSBC and UBS phone call recordings and accompanying transcripts:

       1.  The recording device used was capable of accurately recording the conversation;

       2.  The operator of the recording device was competent;

       3.  The tape recording is authentic and correct;

       4.  There have been no changes in, additions to, or deletions from the tape recording;

       5.  The tape recording has been properly preserved;

       6.  The speakers on the tape recording are properly identified;

       7.  The conversation was lawfully intercepted; and

8. The transcripts of the tape recording accurately represent the conversations on the tape recording and accurately identify the speakers and parties to the tape recorded conversations.

BY THE COURT:

_____
**HONORABLE PAUL S. DIAMOND**
*United States District Court Judge*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CRIMINAL NO. 15-1 |
| DMITRIJ HARDER | : |

**GOVERNMENT'S MOTION TO ADMIT RECORDED PHONE CALLS PURSUANT TO *UNITED STATES v. STARKS***

The United States of America, by and through Zane David Memeger, United States Attorney for the Eastern District of Pennsylvania, Michelle L. Morgan, Assistant United States Attorney for the District, and Andrew Weissmann, Chief, and Jason D. Linder, Trial Attorney for the United States Department of Justice, Criminal Division, Fraud Section, hereby moves this Honorable Court to admit phone calls recorded by Citibank, HSBC, and UBS, pursuant to United States v. Starks, 515 F.2d 112 (3d Cir. 1975).

**I.   INTRODUCTION**

Defendant Dmitrij Harder is charged with five counts of violating the Foreign Corrupt Practices Act, 15 U.S.C. §§ 78dd-1, et seq. ("FCPA"); two counts of conspiracy pursuant to 18 U.S.C. §§ 371 and 1956(h); five counts of using channels of commerce in certain unlawful activity, pursuant to 18 U.S.C. § 1952; and two counts of international money laundering pursuant to 18 U.S.C. § 1956(a)(2). The indictment alleges that Harder, as the principal of Chestnut Consulting, made corrupt payments to an official of the European Bank for Reconstruction and Development ("EBRD") through the official's sister in connection with the financing of certain energy projects by the EBRD.   These payments were made in installments of hundreds of thousands of dollars paid by Chestnut to the official's sister, which generated suspicion at the official's sister's bank in the Channel Islands, Citibank.   The government has obtained several phonecalls recorded by Citibank in the fall of 2009 during the course of the conspiracy, in which

Citibank representatives discussed with the official's sister the need for documentation surrounding the massive wire transfers she was receiving.

Dissatisfied with the official's sister's explanation, Citibank opted to close her account, prompting her to try to open accounts at both HSBC and UBS, also in the Channel Islands. In the fall of 2009, she had discussions with representatives of both banks during and in furtherance of the conspiracy regarding opening the new accounts and the source of the funds she was expecting to receive from Chestnut.

In preparation for trial, the government has recently identified several of those recordings which it wishes to use at trial. Copies of audio of the intercepted conversations have already been produced to defense counsel, translations of conversations that were in Russian already have been produced, and transcripts of conversations that were in English will be prepared. Of course, the defendant is free to offer his own transcripts or translations of the recordings.

## II.     ADMISSIBILITY

In United States v. Starks, 515 F.2d 112 (3d Cir. 1975), the United States Court of Appeals for the Third Circuit held "that the burden is on the government 'to produce clear and convincing evidence of authenticity and accuracy as a foundation for the admission of such recordings,'" id. at 121 (quoting United States v. Knohl, 379 F.2d 427, 440 (2d Cir. 1967), cert. denied, 389 U.S. 973 (1967)), and that the following factors are the generally relevant considerations:

    (1)    That the recording device was capable of accurately recording the conversation now offered in evidence.
    (2)    That the operator of the device was competent to operate the device.
    (3)    That the recording is authentic and correct.
    (4)    That changes, additions or deletions have not been made in the recording.
    (5)    That the recording has been preserved in an appropriate manner.
    (6)    That the speakers are identified.
    (7)    That the conversations elicited were made voluntarily and in good faith, without any kind of inducement.

Starks, 515 F.2d at 121 n.11.

The ruling in Starks, however, both as to burden and content of proof, was substantially undermined by the later adoption of the Federal Rules of Evidence. In particular, Rule 901 now sets forth the appropriate test for a showing of authenticity of evidence, in order to allow the jury to consider that evidence. Rule 901(a) states: "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."

The Third Circuit has held that "[t]he burden of proof for authentication is slight." McQueeney v. Wilmington Trust Co., 779 F.2d 916, 928 (3d Cir. 1985). The rule does not "require anything more than a prima facie showing that the evidence is what its proponent claims it to be." In re Japanese Electronic Products Antitrust Litigation, 723 F.2d 238, 285 (3d Cir. 1983), rev'd on other grounds, 475 U.S. 574 (1986). "All that is required is a foundation from which the fact-finder could legitimately infer that the evidence is what its proponent claims it to be." Id. After this preliminary determination, the final assessment of authenticity is left to the jury. Id.

Thus, to the extent that Starks required "clear and convincing evidence," it is no longer good law with respect to the preliminary finding to be made by the trial court.[1] Moreover, to the extent that Starks suggests a particular formulation must be followed to establish authenticity of tape recordings, it is not valid.

To be sure, in some cases the factors listed in Starks may remain relevant to the preliminary

---

[1] The burden presently imposed by Rule 901 is the same as that applicable to factual determinations made by a judge prior to permitting the admission of evidence, under Rule 104. Thus, the Starks rule actually imposed a higher burden for admission of tape recordings than currently applies for admission of any other type of evidence. Indeed, in a civil forfeiture proceeding, the Starks requirement would impose a higher burden for admissibility of tape recordings than the government faces in proving its entire claim.

determination.   This is particularly so in a case in which the participants to the conversation are not available, and the government must establish the identity of the persons on the recording and the absence of any malfunction or alteration.   See Rule 901(b)(9) (evidence may be authenticated by proof "describing a process or system used to produce a result and showing that the process or system produces an accurate result").

In this case, representatives of Citibank, HSBC, and UBS will attest that the equipment operated properly, that the recordings were properly preserved, and that the recordings are an accurate reproduction of the conversations that they monitored.   Testifying witnesses are familiar with the participants' voices and will attest to the accuracy of the voice identifications.

Regarding transcription, Local Rule of Criminal Procedure 41.1(c) states that the Court may require the government to disclose transcripts of recordings of wire communications prior to trial.   In the instant case, the government intends to provide the defendant with transcripts of the calls it intends to offer into evidence in advance of trial. In the interest of judicial economy, the government will request that the defendant also propose any modifications to the transcripts in advance of trial so that the matter can be resolved prior to trial commencing and not interrupt the progress of the trial.

### III. CONCLUSION

For the reasons set forth above, the Government respectfully requests that this Court grant the order as attached to this motion.

                                             Respectfully submitted,

                                             ZANE DAVID MEMEGER
                                             United States Attorney

                                             */s/ Michelle L. Morgan*
                                             MICHELLE L. MORGAN
                                             Assistant United States Attorney

                                             */s/ Jason D. Linder*
                                             JASON D. LINDER
                                             Trial Attorney, Fraud Section
                                             U.S. Department of Justice
                                             Criminal Division

Date:      October 16, 2015

**CERTIFICATE OF SERVICE**

      I hereby certify that on this date I caused a true and correct copy of the foregoing to be served by electronic filing upon the following:

Stephen R. LaCheen, Esq.
Lacheen, Wittels, & Greenberg, LLP
1429 Walnut Street, 13th Floor
Philadelphia, PA 19102

Ian Comisky, Esq.
Blank Rome LLP
One Logan Square
Philadelphia, PA 19103

                                              */s/ Michelle L. Morgan*
                                              MICHELLE L. MORGAN
                                              Assistant United States Attorney

DATED:   October 16, 2015